UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

SCARLETH MEZA,

    Plaintiff,

vs.

SABOR A PERU CORPORATION,
A Florida profit corporation, and
ELIZABETH ZELADA, individually

    Defendant(s)
_____/

**COMPLAINT**

Plaintiff SCARLETH MEZA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants SABOR A PERU CORPORATION, a Florida profit corporation and ELIZABETH ZELADA (collectively "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief for unpaid overtime wages and violation of federal minimum wage by Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201-219 ("FLSA") and pursuant to Florida workers' compensation laws under Florida Statute § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continue to conduct, business in the Southern District of Florida; because

the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; and because Defendants are subject to personal jurisdiction in this District.

4. All conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff at all times pertinent to this complaint resided within Miami-Dade County, Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a busser, food runner and waitress. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Plaintiff was, at all times relevant, an employee of Defendant as that term is defined in Florida Statutes § 440.02(15)(a).

8. SABOR A PERU CORPORATION is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. SABOR A PERU CORPORATION conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

9. Defendant was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02 (16)(a).

10. SABOR A PERU CORPORATION is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Specifically, SABOR A PERU CORPORATION is a restaurant where they use goods transported across interstate lines. Plaintiff worked as a waitress serving food to customers as well as assisted with the cleaning of the restaurant.

12. At all times material to this Complaint, SABOR A PERU CORPORATION, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

13. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions with customers and the staff utilizing telephones, computers, cleaning supplies, and food.

14. SABOR A PERU CORPORATION upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

15. Defendant ELIZABETH ZELADA is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, SABOR A PERU CORPORATION.

16. Defendant ELIZABETH ZELADA acted directly in the interest of her company, SABOR A PERU CORPORATION. Upon all available information, ELIZABETH ZELADA controlled the manner in which Plaintiff performed her work and the pay she was to receive.

17. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

18. Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

19. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**GENERAL ALLEGATIONS AS TO COUNTS I-IV**

20. Plaintiff began working for Defendants, in September 2018 and ended her employment on or about September 2019.  During the course of her employment, Plaintiff performed services for Defendants for which she did not receive proper pay for the hours worked. Specifically, Plaintiff performed work for Defendants as busser and waitress.

21. Plaintiff was a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

22. During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at the minimum wage for all the hours worked.

23. Based on the information currently available to Plaintiff, when Plaintiff worked as a busser Plaintiff was paid at a rate of $6.00 per hour. When Plaintiff worked as a waitress, she was given a  daily rate of $20.00 per day plus tips.

24. Throughout her employment, Plaintiff regularly worked an average of eleven (11) hours a day, six (6) days per week.

25. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay Plaintiff at least minimum wage for hours worked.

26. Furthermore, despite the fact that Plaintiff worked over 40 hours in a workweek, she was not paid overtime by Defendants. Defendants failed to compensate Plaintiff at a rate no less than one and one and half times the minimum wage rate for all hours worked in excess of forty (40) hours.

27. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

28. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

29. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## GENERAL ALLEGATIONS FOR COUNT V ONLY

31. On or about October 2 2019, while she was working at the restaurant Plaintiff suffered a lancination on one of her fingers of her right hand.

32. The same day, Plaintiff reported the injury to her supervisor Marcos Cruz.

33. The day after, Plaintiff was in a lot of pain and called Ms. Zelada who asked Plaintiff to not report the injury as a work-related injury and promised to reimburse Plaintiff for medical bills.

34. Within a week, Plaintiff notified Ms. Zelada of the total due and sought reimbursement.

35. A few weeks after requesting payment, Plaintiff was terminated without prior notice or warning from her employers.

36. Plaintiff, throughout her tenure with Defendants, had a satisfactory work record. She was not disciplined during the course of her employment and was at all times qualified for her position in that she performed her duties to the satisfaction of her supervisor prior to Plaintiff's termination.

37. Defendant advised Plaintiff that the relationship "was not working out" and that Plaintiff was no longer needed.

38. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
## against SABOR A PERU CORPORATION

39. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

40. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

41. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times her regular rate.

42. Specifically, Plaintiff worked approximately 55-65 hours during each workweek in which she was employed.

43. SABOR A PERU CORPORATION is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). SABOR A PERU CORPORATION'S business activities involve those to which the Fair Labor Standards Act applies.

44. The Plaintiff was a waitress and was at all relevant times, covered by the FLSA.

45. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

46. SABOR A PERU CORPORATION has knowingly and willfully failed to pay Plaintiff at time and one half of at least the minimum wage of pay for all hours worked in excess of forty (40) per week between the relevant time period.

47. By reason of the said intentional, willful, and unlawful acts of SABOR A PERU CORPORATION, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

48. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire.

49. SABOR A PERU CORPORATION never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

50. As a result of SABOR A PERU CORPORATION's willful violations of the Act, Plaintiff is entitled to liquidated damages.

51. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from SABOR A PERU CORPORATION.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA / MINIMUM WAGE
### (AGAINST SABOR A PERU CORPORATION)

52. Plaintiff re-alleges and re-avers paragraphs 1–30, as fully set forth herein.

53. This action is brought by Plaintiff to recover from Defendant EL TAMBO GRILL unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

54. At all times during her employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

55. Nevertheless, during the course of Plaintiff's employment with Defendants, Plaintiff was compensated below the minimum wage for all hours worked for Defendants.

56. Specifically, when working as a busser, Plaintiff was compensated at $6.00 per hour. Furthermore, when Plaintiff worked as a waitress, Plaintiff was compensated at $20.00 per day for all hours worked.

57. SABOR A PERU CORPORATION willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed by Plaintiff during the relevant time period.

58. As a direct result of SABOR A PERU CORPORATION's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

A. Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

B. Interest on the amount found due;

C. Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D. A jury trial on all issues so triable;

 E.  Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

 F.  Such other relief as the Court deems just and proper.

## COUNT III
### VIOLATION OF FLSA/OVERTIME against ELIZABETH ZELADA

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

59. Defendant ELIZABETH ZELADA was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] in that ELIZABETH ZELADA acted directly in the interest of Defendant SABOR PERU CORPORATION in relation to their employees including Plaintiff.

60. Specifically, ELIZABETH ZELADA supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

61. ELIZABETH ZELADA had operational control of the business and is thus jointly liable for Plaintiff's damages.

62. Defendant ELIZABETH ZELADA willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

 A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

 B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

  compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### VIOLATION OF FLSA / MINIMUM WAGE against ELIZABETH ZELADA

63. Plaintiff re-alleges and re-avers paragraphs 1–30 as fully set forth herein.

64. During the course of Plaintiff's employment with Defendants, Plaintiff was compensated below the minimum wage for all hours worked for Defendants.

65. ELIZABETH ZELADA willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed by Plaintiff during the relevant time period.

66. Defendant ELIZABETH ZELADA was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] in that ELIZABETH ZELADA acted directly in the interest of Defendant SABOR PERU CORPORATION in relation to their employees including Plaintiff.

67. Specifically, ELIZABETH ZELADA supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

68. ELIZABETH ZELADA had operational control of the business and is thus jointly liable for Plaintiff's damages.

69. Defendant ELIZABETH ZELADA willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff

these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

70. As a direct result of ELIZABETH ZELADA's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

A. Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

B. Interest on the amount found due;

C. Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D. A jury trial on all issues so triable;

E. Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

F. Such other relief as the Court deems just and proper.

## COUNT V
## VIOLATION OF WORKERS' COMPENSATION LAWS
### (AGAINST SABOR A PERU CORPORATION)

71. Plaintiff re-alleges and re-avers paragraphs 1-19 and 31-37 as though fully set forth herein.

72. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

73. On or about October 2, 2019, Plaintiff had a work related accident while she was working at the restaurant.

74. On or about October 10, 2019, Plaintiff sought workers' compensation benefits for reimbursement of medical bills in accordance with the provisions of the Workers' Compensation Law.

75. At the end of October 2019, Plaintiff was terminated from her position without a valid reason. Prior to her injury, Plaintiff had not made aware of any performance deficiencies.

76. It is clear that Defendant terminated Plaintiff because of her valid claim for compensation under the Workers' Compensation Law.

77. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

78. Plaintiff's work record with Defendant prior to her termination was satisfactory.

79. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

80. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

    WHEREFORE, Plaintiff demands judgment for:

    A. Plaintiff's lost wages and/or benefits as a result of her termination;

    B. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

    C. Interest on all monies owed;

D. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

E. A trial by jury; and

F. Any other relief this Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, SCARLETH MEZA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 7, 2021

**PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com